CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
6/29/26
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

EDDIE MONTGOMERY on behalf of himself and others similarly situated,

Plaintiffs,

v.

ASTRA CARE, LLC,
**Serve: Ali Alkhaledy, Registered Agent
4605 Briarwood Dr
Charlottesville, VA 22911**

Defendant.

**Civil Action No.** 1:26cv64

## CLASS AND COLLECTIVE ACTION COMPLAINT

Eddie Montgomery ("Plaintiff" or "Montgomery"), on behalf of himself and all others similarly situated, files this Class and Collective Action Complaint against Astra Care, LLC ("Defendant" or "Astra Care"), and in support states the following:

1. Plaintiff and putative Plaintiffs are current and former Astra Care Drivers who worked in Virginia within the three years preceding the filing of this Complaint.

2. Plaintiff, and those similarly situated, are employees of Astra Care and have been denied or underpaid regular and overtime wages. Through this proceeding, Plaintiff seeks to recover such wages and all other allowable damages and recoveries pursuant to the Fair Labor Standards Act as well as Virginia state law.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 2201, 2202 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff frequently

performed work for Defendant in Marion, Virginia, which falls within this District and division, and, therefore, a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

**Nature of this Lawsuit**

6. Defendant is a provider of non-emergency medical transportation ("NEMT") throughout western and central Virginia, including but not limited to in Martinsville, Pulaski, Charlottesville, Galax, Marion, Richmond, Wytheville, and Christiansburg, Virginia.

7. Defendant's NEMT drivers transport clients to and from medical appointments and facilities through partnerships and contracts with localities, Medicaid agencies, social services programs, and other similar entities.

8. Defendant employs numerous NEMT drivers who performed substantially identical job duties within Virginia.

9. Plaintiff worked as an NEMT driver for Asta Care from January 5, 2026 through May 29, 2026.

10. Plaintiff, and those similarly situated, were paid straight time for overtime hours and were not paid for all hours worked.

**The Parties**

11. Eddie Montgomery is a resident of Marion, Virginia and worked for Defendant as an NEMT driver in Virginia. Mr. Montgomery took approximately 6 participants to and from their home and The Retreat in Marion, Virginia, Monday through Friday. In addition, Mr. Montgomery took individuals to and from medical appointments in various locations, such as Christiansburg, Virginia. Late in the evening, on occasion, Mr. Montgomery also transported individuals home

from crisis centers.

12. Defendant is a Virginia limited liability company that maintains its principal office at 4605 Briarwood Dr, Charlottesville, VA 22911.

13. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

14. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

15. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

16. During their employment, Plaintiffs were each an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

17. During their employment, Defendant was Plaintiffs' "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

**Factual Allegations**

18. Defendant provides NEMT services to clients in various locations in western and central Virginia. It employs numerous drivers to provide these services. It is estimated that Defendant employs approximately 50 Drivers at any given time.

19. Following a brief orientation at Defendant's Hillsville, Virginia location where, among other things, he was trained on servicing wheelchair-bound clients, Plaintiff began working as a full-time NEMT driver.

20. Plaintiff, and those similarly situated, were paid on an hourly basis.

21. Plaintiff, and those similarly situated, received paychecks every two weeks.

22. Montgomery's hours were logged by him in a notebook.

23. There was no timeclock or sign-in sheet or electronic timekeeping mechanism for

Drivers.

24. Montgomery was supposed to have been paid $16 per hour.

25. However, on his March 13, 2026, March 27, 2026, April 10, 2026, April 24, 2026, May 8, 2026, and May 22, 2026 paychecks, he was only paid $15 per hour.

26. Montgomery drew the incorrect hourly rate to the attention of Astra Care's management.

27. Plaintiff, and those similarly situated, sometimes worked more than 40 hours in a week. In such weeks, Plaintiffs received only their straight time and were paid no overtime premium for hours worked above 40.

28. Defendant also did not always pay for all hours logged and instead left some hours unpaid entirely.

29. For example:

a. Plaintiff worked 51 hours during the week of May 4, 2026:

i. Monday, May 4, 2026: 5:30am-10:30am, 1:00pm-7:00pm (11.0 hours)

ii. Tuesday, May 5, 2026: 5:00am-6:30pm (13.5 hours)

iii. Wednesday, May 6, 2026: 5:30am-8:15am, 9:30am-12:15pm, 2:45pm-6:15pm (9.0 hours)

iv. Thursday, May 7, 2026: 5:30am-9:00am, 9:30am-1:45pm, 2:45pm-5:15pm, 7:45pm-8:30pm (11.0 hours)

v. Friday, May 8, 2026: 5:15am-8:15am, 2:45pm-6:15pm (6.5 hours)

b. Plaintiff worked 42 hours during the week of May 11, 2026:

i. Monday, May 11, 2026: 5:30am-8:15am, 2:45pm-6:15pm (6.25 hours)

ii. Tuesday, May 12, 2026: 5:15am-9:15am, 9:45am-2:15pm, 2:45pm-

5:15pm, 8:00pm-9:00pm (12.0 hours)

iii. Wednesday, May 13, 2026: 5:30am-8:15am, 2:45pm-6:15pm, 7:30pm-8:30pm (7.25 hours)

iv. Thursday, May 14, 2026: 5:15am-8:15am, 12:30pm-5:30pm, 7:30pm-8:30pm (9.0 hours)

v. Friday, May 15, 2026: 5:15am-8:15am, 9:00am-11:00am, 2:45pm-5:15pm (7.5 hours)

c. Plaintiff was paid on May 22, 2026 for his work from May 4, 2026 through May 17, 2026. The check, however, was only for 80 hours of straight time at $15 per hour, instead of $16 per hour for 80 hours and $24 per hour for 13 hours of overtime compensation.

d. Thus, Plaintiff was only paid an incorrect straight time rate, no overtime premium, and some of Plaintiff's hours were not compensated at all.

30. Defendant also told drivers that they had to "log out" if they remained at a stop for more than 30 minutes. This meant that if they were providing transport to/from a long appointment or if there were gaps in their scheduled rides, they were required to go "off-the-clock" despite still working. For down times of less than 30 minutes, they were not so required.

31. The above referenced "off-the-clock" policy resulted in numerous hours going unpaid entirely.

32. NEMT Drivers also had difficulty getting reimbursed when paying for Astra Care expenses, such as gas for work vehicles. Montgomery, for example, paid to have the work van washed, without reimbursement.

33. In addition, Defendant frequently paid Plaintiffs late.

34. Montgomery reported the foregoing failure to pay all wages owed and all wages owed in a timely manner to his supervision.

35. Montgomery further indicated that he could not continue to work without getting paid in accordance with the law.

36. In response, Montgomery was terminated from employment.

**Collective Action Allegations**

37. Plaintiff brings his FLSA claims as a collective action. His consent to join this action is attached as **Exhibit 1.**

38. The collective action is defined as follows:

> All NEMT drivers who worked for Defendant within the borders of the Commonwealth of Virginia within three years from the date he/she files a consent form to participate in this lawsuit ("Collective Action Members").

39. Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties as employees of Defendant.

40. In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiff.

41. Of the individuals who performed the same primary job duties as Plaintiffs in the last three years, some or many worked over 40 hours in individual workweeks.

42. Defendant has names, addresses, phone numbers, and email addresses for potential Collective Action Members in its payroll or personnel or driver records.

43. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime.

**Class Action Allegations**

**A. Class Definition**

44. Plaintiff, the Rule 23 Class Representative, seeks to maintain claims pursuant to Va. Code §§ 40.1-29 and 40.1-29.2, individually, and on behalf of classes of current and former Drivers, as follows:

a) All NEMT drivers who worked for Defendant for more than 40 hours in a week within the borders of the Commonwealth of Virginia within three years prior to the filing of the Complaint.

b) All NEMT drivers who worked for Defendant within the borders of the Commonwealth of Virginia within three years prior to the filing of the Complaint.

45. On information and belief, there is substantial overlap in the classes referenced above, as most, if not all, NEMT drivers worked overtime at least one week during their tenure.

**B. Efficiency of Class Prosecution of Common Claims**

46. Certification of subclasses of current and former NEMT drivers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representatives and the proposed subclasses. Conversely, proceeding on an individual basis will require the filing of potentially scores of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

**C. Numerosity and Impracticality of Joinder**

47. The subclasses which the Class Representatives seek to represent are so numerous that joinder is impracticable. On information and belief, the putative subclasses during the liability periods number over 100 current and former NEMT drivers in Virginia who were subject to

underpayment of regular and overtime wages.

**D. Common Questions of Law and Fact**

48. Defendant's use of NEMT drivers and the challenged pay practices apply uniformly and present identical questions of law and fact with respect to the Class Representative and those whom he seeks to represent.

**E. Typicality of Claims and Relief Sought**

49. The claims of the Class Representative are typical of those of the class members as a whole in that their claims are based on the same compensation practices. The relief sought by the Class Representative for unpaid wages is also typical of the relief which is sought on behalf of the proposed subclasses.

**F. Adequacy of Representation**

50. Plaintiff is an adequate class representative for all subclasses. His interests are co-extensive with those of the members of the proposed subclasses he seeks to represent. Additionally, there is substantial overlap amongst the membership of the subclasses. Plaintiff has knowledge of the NEMT driver position and the alleged offending pay practices. He is committed to being a representative of the subclasses and has retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

**G. Rule 23(B)(3) Requirements**

51. Common questions of law and fact predominate over any questions affecting only individual members because the basis of the claims herein is the common application of Defendant's pay practices and the alleged nonpayment and underpayment of overtime and regular wages. Such policies and practices are applicable to all putative subclass members.

52. A class action is superior to other available methods for adjudicating the

controversy because other methods would involve the filing of numerous individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding same. Numerous individual cases similar to Plaintiff's case would clog the court's docket and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue(s) could lead to inconsistent or varying adjudications of the same issue(s).

53. The putative subclass members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized contractual compensation practices and their recovery in either an individual or class action will be based on the amount of wages, overtime compensation, or other damages that each Plaintiff has been denied by Defendant.

54. The Class Representative and counsel are not aware of any other pending litigation concerning the controversy that has already begun by proposed subclass members within the Commonwealth of Virginia.

55. It is desirable to concentrate the claims in this forum because the employment practices complained of with respect to the Class Representative occurred in this forum.

56. Class Representative and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

## COUNT I
## Violation of the Fair Labor Standards Act Failure to Pay Overtime Compensation
## (Collective Action)

57. This count arises from Defendant's violation of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

58. The Collective Action Members were not exempt from the overtime provisions of the FLSA.

59. Plaintiffs, and others similarly situated, are/were directed by Defendant to perform work, and did work, over 40 hours in one or more individual workweeks.

60. Defendant paid Plaintiff, and others similarly situated, straight time for all hours and did not pay any overtime.

61. Defendant required Plaintiff, and others similarly situated, to go off the clock during "down" times and those hours went unrecorded and uncompensated for the purpose of overtime wages.

62. Defendant violated the FLSA by failing to pay overtime to Plaintiff, and others similarly situated, at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

63. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

**COUNT II**
**Violation of Va. Code § 40.1-29.2**
**(Virginia Overtime Wage Act Class Action)**

64. Defendant has knowingly violated the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"), by failing to pay overtime to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

65. Plaintiff, and all others similarly situated, were not exempt from the overtime provisions of Va. Code § 40.1-29.2.

66. Plaintiff, and others similarly situated, are/were directed by Defendant to perform work, and did work, over 40 hours in one or more individual workweeks.

67. Defendant paid Plaintiff, and others similarly situated, straight time for all hours and did not pay any overtime.

68. Defendant required Plaintiff, and others similarly situated, to go off the clock during "down" times and those hours went unrecorded and uncompensated for the purpose of overtime wages.

69. Defendant violated VOWA by failing to pay overtime to Plaintiff, and others similarly situated, at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

70. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful and/or knowing.

**COUNT III**
**Violation of Va. Code § 40.1-29**
**(Unpaid Wages Class Action)**

71. Defendant has knowingly violated Va. Code § 40.1-29 by failing to pay Plaintiffs the regular wages for necessary and compensable time spent working for Defendant.

72. Defendant did not pay Plaintiffs for all hours worked.

73. Defendant required Plaintiffs to go off the clock during "down" times and those hours went unrecorded and uncompensated for the purpose of regular wages.

74. Defendant did not reimburse Plaintiffs for all business expenditures.

75. These expenditures and failure to pay monies owed represent improper reductions in the wages of Plaintiffs, and others similarly situated.

76. Defendant's failure to pay Plaintiff and other similarly situated persons for all hours worked was knowing.

**COUNT IV**
**Violation of the Fair Labor Standards Act**
**Retaliation**

77. Defendant has violated the FLSA by retaliating against Montgomery by terminating his employment due to his reports of violation of the FLSA.

78. Defendant's retaliatory conduct violates 29 U.S.C. § 215(a)(3), and Defendant is liable to Plaintiff for such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including without limitation employment, reinstatement, and the payment of wages lost and an additional equal amount as liquidated damages.

79. As a result of Defendant's willful and reckless actions, Plaintiff is entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

80. Plaintiff is entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, on behalf of himself and the Collective and Class Action Members, requests the following relief against Defendant as follows:

A. That the Court conditionally certify this action as Collective Action under the FLSA and order that Court approved notice be issued to putative collective members;

B. All unpaid overtime wages due to the Plaintiff and the Collective Action Members;

C. Liquidated damages equal to the unpaid overtime wage compensation due to Plaintiff and the Collective Action Members;

D. That the Court certify this action as Class Action Pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. All unpaid wages and overtime or other damages due to Plaintiff and members of the state law Class Action claims;

F. Liquidated damages equal to the unpaid overtime and/or unpaid wage

compensation due under Va. Code § 40.1-29(J) and 40.1-29.2;

G. Treble damages under Va. Code § 40.1-29(J) for all claims where such relief is available;

H. An award of reinstatement in addition to Plaintiff's actual compensatory damages for lost wages, plus an equivalent amount of liquidated damages, along with pre-judgment interest, for retaliation;

I. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit pursuant to the FLSA and Virginia law;

J. Post-judgment interest; and

K. Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

Respectfully Submitted,

EDDIE MONTGOMERY
individually and on behalf of all others
similarly situated,

By:____/s/____________________________

Brittany M. Haddox (VSB No. 86416)
HADDOX LAW
1203 Texas Street
Salem, VA 24153
Tel: (540) 765-4284
brittany@haddox.law

Zev H. Antell (VSB No. 74634)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
zev@butlercurwood.com

*Counsel for Plaintiffs*